UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OHIO SECURITY INSURANCE COMPANY and THE OHIO CASUALTY INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>TRUCK TIRE SALES, INC., JULICIA LEE, INDIVIDUALLY AND AS SPECIAL ADMINISTRATOR OF THE ESTATE OF SAMYRA MARIE LEE, ERIC W. RICE, and SOCIETY INSURANCE,<br><br>Defendants. | Case No.<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR DECLARATORY
JUDGMENT AND REFORMATION OF POLICY**

Plaintiffs Ohio Security Insurance Company ("Ohio Security") and The Ohio Casualty Insurance Company ("Ohio Casualty") (collectively, "Plaintiffs"), by their undersigned attorneys, bring this action under the Declaratory Judgment Act (28 U.S.C. § 2201, *et seq.*) against Defendants Truck Tire Sales, Inc. ("Truck Tire"), Society Insurance ("Society"), Julicia Lee, individually and as Special Administrator of the Estate of Samyra Marie Lee ("Claimant" or "Lee"), and Eric W. Rice ("Rice"), and allege as follows:

**NATURE OF THE ACTION**

1. This is a declaratory judgment action in which Plaintiffs seek declarations that they owe neither a defense nor indemnity to Defendant Truck Tire under certain commercial general liability and umbrella policies in connection with an underlying lawsuit brought by Claimant. Truck Tire operates three separate and distinct lines of businesses under the same Federal Tax ID, but it arranges for each such line of business to be separately insured. Plaintiffs

3863832

issued insurance policies covering only Truck Tire's tire sales and repair line of business, which it refers to as "Truck Tire Sales 1." In turn, Truck Tire purchased separate general liability insurance coverage for its separate landscaping operation (a/k/a "Truck Tire Sales 2") from Defendant, Society. Truck Tire purchased another general liability policy from a third insurer, Colony Insurance Company, which covered Truck Tire's additional transportation business (a/k/a "Truck Tire Sales 4").

2. Claimant's underlying lawsuit alleges negligent and wrongful conduct related solely to the activities and landscaping operations of Truck Tire Sales 2, and therefore potentially implicates the insurance policy issued by Society to Truck Tire Sales 2, rather than Plaintiffs' policies. Plaintiffs therefore seek a declaration that Plaintiffs' policies, which cover only Truck Tire's tire sales and repair operations (*i.e.*, Truck Tire Sales 1), owe neither defense nor indemnity for Claimant's underlying lawsuit. To avoid the potential for further dispute, Plaintiffs also seek declarations reforming their policies to conform with and effectuate Plaintiffs' and Truck Tire's mutual intent and agreement that the insurance coverage provided by Plaintiffs' policies applies only to Truck Tire's tire sales and repair business (*i.e.,* Truck Tire Sales 1), and not to Truck Tire's other, separately insured business operations.

## PARTIES

3. Plaintiff Ohio Security is a New Hampshire corporation with its principal place of business in Boston, Massachusetts. Ohio Security issued a commercial general liability insurance policy to one named insured, "Truck Tire Sales, Inc."

4. Plaintiff Ohio Casualty is a New Hampshire corporation with its principal place of business in Boston, Massachusetts. Ohio Casualty issued an umbrella insurance policy to one named insured, "Truck Tire Sales, Inc."

5.      Defendant Truck Tire is an Illinois corporation with its principal place of business in Chicago, Illinois.  As noted, Truck Tire operates three separate lines of business under the same Federal Tax ID.  The first, which Truck Tire refers to as "Truck Tire Sales 1," operates as a tire sales and repair business.  The second, which Truck Tire refers to as "Truck Tire Sales 2," operates as a landscaping business.  The third, which Truck Tire refers to as "Truck Tire Sales 4," operates as a transportation business.

6.      Defendant Society is a Wisconsin corporation with its principal place of business in Fond du Lac, Wisconsin.  Society issued a commercial general liability insurance policy to one named insured, "Truck Tire Sales, Inc. d/b/a Truck Tire Sales 2."

7.      On information and belief, Defendant Rice is a natural person and adult citizen of the state of Illinois, residing in the city of Chicago.  Rice is named as a defendant in Lee's underlying lawsuit, as described above, based on allegations regarding his alleged negligent conduct while acting as an employee of Truck Tire Sales 2.

8.      On information and belief, Defendant Lee is a natural person and adult citizen of the state of Illinois, residing in the city of Chicago.  Lee, individually and on behalf of the Estate of Samyra Marie Lee, filed suit against Truck Tire and an individual named Eric Rice in the Circuit Court of Cook County, Law Division, on June 16, 2016.  Lee is joined as a party to this action solely to be bound by the declarations that Plaintiffs seek herein regarding the insurance policies at issue.  Plaintiffs seek no affirmative relief against Lee.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiffs and Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

3863832

10. Defendant Truck Tire does business in this district out of which the causes of action herein arise. Truck Tire therefore is subject to personal jurisdiction in this district, and venue is proper in this district under 28 U.S.C. § 1391.

11. On information and belief, Lee resides in this district and brings her causes of action against Defendant Truck Tire in this district. Lee therefore is subject to personal jurisdiction in this district, and venue is proper in this district under 28 U.S.C. § 1391.

12. Defendant Society does business in this district out of which the causes of action herein arise. Society therefore is subject to personal jurisdiction in this district, and venue is proper in this district under 28 U.S.C. § 1391.

13. Illinois law determines the rights and obligations of the parties to this case with respect to the insurance policies at issue.

## FACTS

### I. Background & Underlying Claim

14. Defendant Truck Tire is a privately owned Chicago-based company whose business includes commercial truck tire sales and repairs.

15. Truck Tire also operates two additional, yet separate and distinct, lines of business under the same Federal Tax ID. Truck Tire refers to its tire sales and repair business operation by the name "Truck Tire Sales 1," and it refers to its separate landscaping business as "Truck Tire Sales 2" and its transportation business as "Truck Tire Sales 4."

16. On information and belief, Truck Tire does not currently operate a line of business that it refers to as "Truck Tire Sales 3."

17. Through its insurance agent, Northern Insurance Services, Ltd. ("Northern Insurance"), Truck Tire has historically elected to procure insurance for each of its three distinct

lines of business by purchasing separate general liability insurance policies that separately insure each line of business.

19. Ohio Security issued a primary commercial general liability insurance policy bearing number BKS 55698923 (hereinafter the "Truck Tire 1 CGL Policy") insuring Truck Tire's tire sales and repair line of business located at 426 Pershing Road, Chicago, Illinois 60609. The Truck Tire 1 CGL Policy identifies "Truck Tire Sales, Inc." as the named insured. A true and complete copy of the Truck Tire 1 CGL Policy relevant to this action is attached hereto and is incorporated herein by reference as Exhibit A.

19. Ohio Casualty also issued an umbrella insurance policy bearing number USO 55698923 to Truck Tire (hereinafter, the "Truck Tire 1 Umbrella Policy"), insuring Truck Tire's tire sales and repair business located at 426 Pershing Road, Chicago, Illinois 60609. The Truck Tire 1 Umbrella Policy identifies "Truck Tire Sales, Inc." as the named insured. A true and complete copy of the Truck Tire 1 Umbrella Policy relevant to this action is attached hereto and is incorporated herein by reference as Exhibit B.

20. Plaintiffs' Policies are renewals of policies that were first issued to Truck Tire by Plaintiffs beginning on July 24, 2013, and both of Plaintiffs' Policies insured Truck Tire Sales 1 for the period July 24, 2015 to July 24, 2016.

21. On May 27, 2016, a landscaping employee working on a project for Truck Tire Sales 2 named Eric Rice allegedly accidentally struck and killed a child, Samyra Marie Lee, at or near the intersection of Ashland Avenue and West 65th Street in Chicago, Illinois. The accident occurred while Rice was operating a Mahindra tractor that he was using in the course of performing landscaping work for Truck Tire Sales 2 under a contract with the City of Chicago.

5

22. On June 16, 2016, Julicia Lee, Samyra Lee's mother, brought an action individually and as Special Administrator of Samyra Lee's Estate against Truck Tire and Eric Rice, alleging wrongful death and negligence (the "*Lee* Suit"). A true and complete copy of the complaint filed in the *Lee* Suit is attached hereto as Exhibit C.

23. At the time of the accident, Truck Tire Sales 2 was the sole named insured under a policy issued by Defendant Society, which, in keeping with the intent of Truck Tire's insurance program, separately insured Truck Tire Sales 2's landscaping operations. Specifically, Society issued a primary commercial general liability insurance policy bearing number CBP 464563 to "Truck Tire Sales, Inc. d/b/a Truck Tire Sales 2," insuring its landscaping business located at 426 Pershing Road, Chicago, Illinois 60609 (the "Truck Tire 2 CGL Policy"). A copy of the Society Truck Tire 2 CGL Policy obtained by Plaintiffs is attached hereto as Exhibit D.

24. Also at the time of the accident, Truck Tire's third line of business – its transportation operation doing business as Truck Tire Sales 4 – was the named insured under a third general liability policy issued by Colony Insurance Company ("Colony"). Colony issued a primary commercial general liability insurance policy bearing number 103 GL 0002365 to "Truck Tire Sales 4 Inc. d/b/a Truck Tire Transportation," insuring Truck Tire's transportation business located at 426 Pershing Road, Chicago, Illinois 60609 (the "Truck Tire 4 CGL Policy").

25. Through its agent, Northern Insurance, Truck Tire purchased the Truck Tire 2 CGL Policy with Society with the intent that it would cover the activities and operations of Truck Tire Sales 2 — *i.e.,* Truck Tire's landscaping operation.

26. The allegations in the *Lee* Suit solely involve the activities and alleged negligence of Truck Tire Sales 2's landscaping operations. No allegation in the *Lee* Suit involves or relates

to operations or alleged negligence arising from Truck Tire's tire sales and repair line of business, *i.e.,* Truck Tire Sales 1.

27. Truck Tire tendered its claim for insurance coverage for the *Lee* Suit to Society under the Truck Tire 2 CGL Policy in June 2016, and, on information and belief, Society has accepted the defense of Truck Tire for the *Lee* Suit.

28. Truck Tire did not tender the *Lee* Suit to Plaintiffs, nor has Truck Tire demanded a defense or indemnity for the *Lee* Suit under the Truck Tire 1 CGL Policy or the Truck Tire 1 Umbrella Policy.

29. However, on or about June 24, 2016, Society instructed Truck Tire's insurance agent, Northern Insurance, to place Plaintiffs "on notice" of the *Lee* Suit. In doing so, Northern Insurance confirmed to Plaintiffs that, "Society Insurance is the insurance company for [the *Lee*] claim, which is Truck Tire Sales, Inc. 2."

## II. Truck Tire's Policies With Plaintiffs

### A. The Truck Tire 1 CGL Policy and the Parties' Mutual Intent

30. The Truck Tire 1 CGL Policy issued by Ohio Security objectively reflects the parties' mutual intent that such policy would cover only Truck Tire's tire sales and repair line of business, and not the separate landscaping business of Truck Tire Sales 2, or the transportation business of Truck Tire Sales 4. Such mutual intent is demonstrated in numerous ways, including, but not limited to, the following.

31. Truck Tire's insurance agent, Northern Insurance, on numerous occasions both prior to and after Plaintiffs issued the Truck Tire 1 CGL Policy and Truck Tire 1 Umbrella Policy, confirmed to Plaintiffs that Truck Tire's intent in establishing and maintaining its insurance program is to purchase separate general liability insurance policies that separately insure each of Truck Tire's three distinct lines of business.

7

32. Although the Truck Tire 1 CGL Policy names "Truck Tire Sales Inc." as the named insured, it lists only "TIRE SALES AND SERVICE" as the named insured's business.

33. Moreover, the sole underwriting classification of the Truck Tire 1 CGL Policy is "Tire Dealers," with a classification code of 18616 (*see* Exhibit A, Commercial General Declarations Schedule, Summary of Classifications – By Location). The Truck Tire 1 CGL Policy does not include additional underwriting classifications for Truck Tire's separate landscaping or transportation operations.

34. As reflected in the policy application and underwriting materials, the premium for the Truck Tire 1 CGL Policy is based on gross sales. For the policy period encompassing the date of the accident in the *Lee* Suit, *i.e.* July 24, 2015 to July 24, 2016, the premium for the Truck Tire 1 CGL Policy was based on gross sales of $2,015,520. Such amount reflects the gross sales reported for Truck Tire's tire sales and repair business only, not its separate landscaping or transportation businesses. Thus, consistent with the parties' mutual intent regarding the limited scope of the coverage provided by the Truck Tire 1 CGL Policy, Ohio Security did not factor in Truck Tire's separately insured landscaping or transportation businesses as part of the insured risk covered or the premium charged for such Policy.

35. The Truck Tire 1 CGL Policy also includes Employment Practices Liability insurance (*see* Exhibit A, Employment Practices Liability Declarations Schedule), which premium is based, in part, on the number of the insured's employees. The number of employees Ohio Security factored in for that premium was 14, which is the number of employees Truck Tire employs in its Truck Tire Sales 1 tire sales and repair business, and which is substantially fewer employees than the number of additional employees employed in the Truck Tire Sales 2 and Truck Tire Sales 4 landscaping and transportation lines of business.

3863832

36. The parties' mutual intent regarding the limited scope of the Truck Tire 1 CGL Policy is further demonstrated and confirmed by statements and representations made by representatives of Truck Tire in connection with policy renewals and various annual premium audits performed by Plaintiffs since issuing their Policies.

37. For example, on or about August 13, 2014, Plaintiffs conducted a premium audit at Truck Tire's headquarters in connection with the Truck Tire 1 CGL Policy. During the audit, Plaintiffs' auditor met with Truck Tire's Controller, Christine Avalos ("Avalos"), with whom he confirmed that Plaintiffs "DO NOT intend to cover Truck Tire Sales 2 or Truck Tire Sales 4" under the Truck Tire 1 CGL Policy, even though all three of Truck Tire's lines of business used the same tax ID. Plaintiffs' auditor and Avalos discussed and acknowledged the parties' shared intent to exclude Truck Tire's landscaping and transportation operations from coverage. Plaintiffs' auditor confirmed that Avalos "agreed" that the Truck Tire 1 CGL Policy "only covers the Tire Sales 1 operation."

38. The auditor also recommended that an endorsement be added to the Truck Tire 1 CGL Policy memorializing the parties' intent that the Truck Tire Sales 2 landscaping operations and the Truck Tire Sales 4 transportation operations were excluded. However, such endorsement inadvertently was not added to the Policy.

39. Finally, the language of the Truck Tire 1 CGL Policy corroborates that such Policy does not provide a defense or indemnity to Rice for his alleged negligent conduct while acting as an employee of Truck Tire Sales 2, as alleged in the *Lee* Suit. Under the Truck Tire 1 CGL Policy, a named insured's "employees" may qualify as insureds under such Policy "only for acts within the scope of their employment by [the named insured] or while performing duties related to the conduct of [the named insured]'s business." Here, the accident occurred while

Rice was operating a Mahindra tractor that he was using during the course of performing landscaping work solely for Truck Tire Sales 2. Accordingly, coverage (*i.e.,* a defense or indemnity) is not available to Rice as an employee of Truck Tire Sales 2 under the Truck Tire 1 CGL Policy.

**B.     The Truck Tire 1 Umbrella Policy and the Parties' Mutual Intent**

40.     The parties also mutually intended that the insurance provided by the Truck Tire 1 Umbrella Policy would be limited to covered liability arising from Truck Tire's tire sales and repair business, not the Truck Tire Sales 2 landscaping business or Truck Tire Sales 4 transportation business. Such mutual intent is demonstrated in numerous ways, including, but not limited to, the following.

41.     Similar to the Truck Tire 1 CGL Policy, Truck Tire's insurance agent, Northern Insurance, confirmed on numerous occasions, both prior to and after Ohio Casualty issued the Truck Tire 1 Umbrella Policy, that Truck Tire's intent in establishing and maintaining its insurance program is to purchase separate general liability insurance policies that separately insure each of Truck Tire's three separate and distinct lines of business.

42.     As with the Truck Tire 1 CGL Policy, the Truck Tire 1 Umbrella Policy names only "Truck Tire Sales Inc." as the insured and lists tire sales and service as the insured's only line of business. Like the Truck Tire 1 CGL Policy, the sole general liability underwriting classification used for the Truck Tire 1 Umbrella Policy is "Tire Dealers," with a classification code of 18616. The Truck Tire 1 Umbrella Policy does not include additional underwriting classifications for Truck Tire's separate landscaping or transportation operations.

43.     Moreover, in the Schedule of Underlying Insurance provided in the Truck Tire 1 Umbrella Policy, the underlying policies identified are limited to only those policies issued by Plaintiffs which insure Truck Tire Sales 1:

10

    a. The Truck Tire 1 CGL Policy (BKS 55698923), with each occurrence limited to $1,000,000 and an aggregate limit of $2,000,000;

    b. Ohio Security policy BAS 555698923 for owned and hired and/or non-owned auto liability, with a combined single limit of $1,000,000; and

    c. Ohio Security policy XWS 555698923 for employers liability, with bodily injury per accident limited to $500,000, an aggregate limit for bodily injury by disease of $500,000, and bodily injury by disease for each employee limited to $500,000.

44. The Schedule of Underlying Insurance does not list the Truck Tire 2 CGL Policy issued by Society, or other policies issued by Society that also insure Truck Tire Sales 2. Nor does such Schedule of Underlying Insurance list the Truck Tire 4 CGL Policy issued by Colony or other policies issued to Truck Tire Sales 4 by Colony.

45. In addition, as reflected in the policy application and underwriting materials, Ohio Casualty's Commercial Umbrella Rating Worksheet sets forth the rating for the Truck Tire 1 Umbrella Policy. The rating is based, in part, on hazard groups: 1, 5, and 10, indicating low, medium, and high hazards, respectively.

46. The hazard group is determined by the class code from the primary policy. Based on tire sales, Truck Tire Sales 1 has a 5S, or medium, hazard group. If Ohio Casualty had intended to cover Truck Tire Sales 2 or Truck Tire Sales 4, it would have used additional class codes based on Truck Tire's additional landscaping and transportation businesses, and Truck Tire's hazard group would have been 10 or higher. Such a highly elevated hazard group code directly impacts premium, as well as Ohio Casualty's decision regarding whether to insure a particular company at all.

47. The policy application and underwriting materials for the Truck Tire 1 Umbrella Policy also reflect, as part of Ohio Casualty's risk exposure rating and setting of the premium for the Truck Tire 1 Umbrella Policy, that Truck Tire reported (and Ohio Casualty factored in) a total of the six vehicles operated by Truck Tire Sales 1—not the dozens of additional vehicles that are operated as part of the Truck Tire Sales 2 landscaping business and the Truck Tire Sales 4 transportation business. The application materials further state that the insured does not have any other business interests or activities not identified on the Policy.

48. Finally, the language of the Truck Tire 1 Umbrella Policy corroborates that such Policy does not provide a defense or indemnity to Rice for his alleged negligent conduct while acting as an employee of Truck Tire Sales 2, as alleged in the *Lee* Suit. Under the Truck Tire 1 Umbrella Policy, "[a]ny of [the named insured's] partners, executive officers, directors, or employees" qualify as an insured under such Policy "but only while acting within the scope of their duties." Here, the accident occurred while Rice was operating a Mahindra tractor that he was using during the course of performing landscaping work solely for Truck Tire Sales 2. Accordingly, coverage is not available to Rice as an employee of Truck Tire Sales 2 under the Truck Tire 1 Umbrella Policy.

**COUNT I – DECLARATORY JUDGMENT AS TO THE TRUCK TIRE 1 CGL POLICY ISSUED BY OHIO SECURITY**

49. Plaintiffs reallege and incorporate each of the preceding paragraphs as if fully set forth herein.

50. The Truck Tire 1 CGL Policy issued by Ohio Security insures only Truck Tire's tire sales and repair operations, and does not otherwise provide coverage for the operations and alleged negligence of Truck Tire Sales 2, the line of business involved in the underlying accident

12

3863832

alleged in the *Lee* Suit. Thus, Ohio Security has no duty to defend or indemnify Truck Tire in the *Lee* Suit under the Truck Tire 1 CGL Policy.

51. Ohio Security's and Truck Tire's mutual intent with respect to the Truck Tire 1 CGL Policy was that it did not provide coverage for alleged liability arising from the activities and operations of Truck Tire's two other lines of business – Truck Tire Sales 2 and Truck Tire Sales 4.

52. Indeed, Truck Tire purchased a separate general liability insurance policy from Society – *i.e.*, the Truck Tire 2 CGL Policy – which provides insurance for liability arising from the activities and operations of its Truck Tire Sales 2 landscaping business.

53. Society, which insures Truck Tire Sales 2 under the Truck Tire 2 CGL Policy, is providing Truck Tire with a defense in connection with the *Lee* Suit.

WHEREFORE, Ohio Security respectfully requests that this Court enter judgment declaring that Ohio Security does not owe Truck Tire or Rice a duty to defend or indemnify under the Truck Tire 1 CGL Policy for the *Lee* Suit and for all other relief that the Court deems just and proper.

**COUNT II – DECLARATORY JUDGMENT AS TO THE TRUCK TIRE 1 UMBRELLA POLICY ISSUED BY OHIO CASUALTY**

54. Plaintiffs reallege and incorporate each of the preceding paragraphs as if fully set forth herein.

55. Like the Truck Tire 1 CGL Policy, the Truck Tire 1 Umbrella Policy issued by Ohio Casualty covers only Truck Tire's tire sales and repair activities and operations, and does not otherwise provide coverage for the operations and alleged negligence of Truck Tire Sales 2, the line of business involved in the underlying accident alleged in the *Lee* Suit. Thus, Ohio

Casualty has no duty to defend or indemnify Truck Tire in the *Lee* Suit under the Truck Tire 1 Umbrella Policy.

56. Ohio Casualty's and Truck Tire's mutual intent with respect to the Truck Tire 1 Umbrella Policy was that it did not provide coverage for alleged liability arising from the activities and operations of Truck Tire's two other lines of business – Truck Tire Sales 2 and Truck Tire Sales 4.

57. Society, which insures Truck Tire Sales 2 on a primary basis, is providing Truck Tire with a defense in connection with the *Lee* Suit. Because Society is defending Truck Tire Sales 2 on a primary basis, even if the Truck Tire 1 Umbrella Policy issued by Ohio Casualty potentially provided coverage for the *Lee* Suit (which it does not), such Policy – which provides a defense for potentially covered claims only when there is no applicable primary insurance or when such applicable primary insurance exhausts – would not have any present defense obligation in connection with the *Lee* Suit.

WHEREFORE, Ohio Casualty respectfully requests that this Court enter judgment declaring that Ohio Casualty does not owe Truck Tire or Rice a duty to defend or indemnify under the Truck Tire 1 Umbrella Policy for the *Lee* Suit and for all other relief that the Court deems just and proper.

**COUNT III – REFORMATION OF THE TRUCK TIRE 1 CGL POLICY ISSUED BY OHIO SECURITY**

58. Plaintiffs reallege and incorporate each of the preceding paragraphs as if fully set forth herein.

59. Truck Tire and Ohio Security mutually intended and agreed that the insurance coverage provided by the Truck Tire 1 CGL Policy would be limited to only Truck Tire's tire sales and repair operations, and that policies issued by other insurers, such as Society and

14

Colony, would cover the landscaping operation of Truck Tire Sales 2 and the transportation operation of Truck Tire Sales 4. Ohio Security and Truck Tire mutually relied on this understanding when Ohio Security agreed to issue, and Truck Tire accepted, the Truck Tire 1 CGL Policy, including with respect to evaluating the risks and insurance provided, and in connection with setting and accepting the premium paid for the Truck Tire 1 CGL Policy.

60. When Truck Tire and Ohio Security reduced this agreement to writing in the form of the Truck Tire 1 CGL Policy, the Policy named only "Truck Tire Sales, Inc." as the named insured, and an endorsement expressly excluding coverage for Truck Tire's landscaping (Truck Tire Sales 2) and transportation (Truck Tire Sales 4) operations inadvertently was not included with such Policy.

61. To the extent there is a difference between the parties' original agreement and any potential construction of the Truck Tire 1 CGL Policy under which coverage would be provided for Truck Tire Sales 2 and Truck Tire Sales 4, such difference would be based on a mutual mistake.

WHEREFORE, to avoid any dispute on this point, Plaintiffs request that this Court enter an Order reforming the Truck Tire 1 CGL Policy in order to conform with and effectuate the parties' mutual understanding and intent, and for all such other relief that the Court deems just and proper.

**COUNT IV – REFORMATION OF THE TRUCK TIRE 1 UMBRELLA POLICY ISSUED BY OHIO CASUALTY**

62. Plaintiffs reallege and incorporate each of the preceding paragraphs as if fully set forth herein.

63. Truck Tire and Ohio Casualty mutually intended and agreed that the insurance coverage provided by the Truck Tire 1 Umbrella Policy would be limited to only Truck Tire's

15

tire sales and repair operations, and that policies issued by other insurers, such as Society and Colony, would cover the landscaping operation of Truck Tire Sales 2 and the transportation operation of Truck Tire Sales 4. Ohio Casualty and Truck Tire mutually relied on this understanding when Ohio Casualty agreed to issue, and Truck Tire accepted, the Truck Tire 1 Umbrella Policy, including with respect to evaluating and accepting the risks and insurance provided, and in connection with setting and accepting the premium paid for the Truck Tire 1 Umbrella Policy.

64. When Truck Tire and Ohio Casualty reduced their agreement to writing in the Truck Tire 1 Umbrella Policy, the Policy named only "Truck Tire Sales, Inc." as named insured, and an endorsement expressly excluding coverage for Truck Tire's landscaping (Truck Tire Sales 2) and transportation (Truck Tire Sales 4) operations inadvertently was not included with such Policy.

65. To the extent there is a difference between the parties' original agreement and any potential construction of the Truck Tire 1 Umbrella Policy under which coverage would be provided for Truck Tire Sales 2 and Truck Tire Sales 4, such difference would be based on a mutual mistake.

WHEREFORE, to avoid any dispute on this point, Plaintiffs request that this Court enter an Order reforming the Truck Tire 1 Umbrella Policy in order to conform with and effectuate the parties' mutual understanding and intent, and for all such other relief that the Court deems just and proper.

3863832

**JURY DEMAND**

Plaintiffs request a trial by jury on all issues so triable.

Dated:  December 2, 2016         Respectfully submitted,

                                          **OHIO SECURITY INSURANCE COMPANY and THE OHIO CASUALTY INSURANCE COMPANY**

Matthew O. Sitzer (#6210083)        By:  /s/  Matthew O. Sitzer
Gretchen D. Kaplan (#6320891)            One of Their Attorneys
SHOOK, HARDY & BACON, L.L.P.
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone:  (312) 704-7700
Facsimile:   (312) 558-1195
Email:   msitzer@shb.com
          gkaplan@shb.com